Mary E. NALLEY, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C 82–0662–L(B).

United States District Court, W.D. Kentucky, Louisville Division.

Aug. 1, 1983.

---

Richard McHugh, Legal Aid Society, Louisville, Ky., for plaintiff.

Ronald E. Meredith, U.S. Atty., Louisville, Ky., for defendant.

## MEMORANDUM

BALLANTINE, District Judge.

Plaintiff seeks judicial review of the decision of the Secretary of Health and Human Services denying plaintiff's application for Supplemental Security Income Benefits under the Social Security Act, 42 U.S.C. Section 1382.

Plaintiff, Mary E. Nalley, alleged on her application for benefits that she is disabled due to arthritis in her back and shoulders. The application was filed on September 30, 1982.

The Administrative Law Judge, the Honorable Hugh B. Helm, found that plaintiff has an eighth-grade education, with work experience as a motel maid, laundress and babysitter. She was born on September 12, 1942, and was thirty-nine years of age at the time of the administrative hearing. These findings are supported by the record.

The Administrative Law Judge found that Mrs. Nalley underwent a bilateral bunionectomy in July 1981 to remove a bunion from each of her great toes. She was considered fully recovered by her treating physician in February 1982. However, she has subsequently developed a problem with swelling in her feet and is unable to stand for long periods of time. This finding is supported by the medical evidence of record and by Mrs. Nalley's testimony.

The Administrative Law Judge also finds that plaintiff has had one kidney removed due to staghorn calculus, but otherwise has no physical limitations excepting the above noted foot problem. The finding regarding the removed kidney is supported by the medical evidence. Plaintiff has also had an operation for kidney stones and what she terms "bladder repair".

There is medical evidence of mild arthritis which was not available to the Administrative Law Judge. The Administrative Law Judge summarized the evidence available to him and noted that there were no findings of back pathology. However, this was based on an examination and x-rays of plaintiff's lumbar spine. The University Hospital report finding arthritis, which the Administrative Law Judge did not have, refers to the shoulders and thoracic spine. The University Hospital records submitted for consideration by the Appeals Council were compiled between April and July of 1982. They show that Mrs. Nalley has mild to moderate degenerative joint disease in the shoulders and thoracic spine, but the physician states that this is not unusual for a person of plaintiff's age. There is also mild to moderate degenerative changes of the knees with a number of small spurs, not uncommon for a person of plaintiff's age. Mrs. Nalley testified to intermittent back pain, making it difficult to bend, and of a problem with her knees giving out. The medical evidence of mild to moderate joint disease would not alone support a

finding of a severe impairment. However, considered in conjunction with plaintiff's feet problems, there is substantial evidence in support of the Administrative Law Judge finding that plaintiff cannot remain on her feet for long periods of time and is effectively limited to sedentary work.

The Administrative Law Judge found that plaintiff, Nalley, is not disabled based on the psychological evaluation of record. As he notes, she was tested and found to have a full scale I.Q. of 60, a performance I.Q. of 66, and a verbal I.Q. of 59. These low scores are believed to be caused by an organic impairment. Plaintiff was found to be in contact with reality, was considered emotionally stable, and presented no personality pattern inconsistent with engaging in substantial gainful activity.

The psychological report found that although Mrs. Nalley claims to have completed the eighth-grade, she actually reads at a fourth-grade level, spells at a third-grade level, and has second-grade arithmetic ability. Her most sophisticated intellectual skills were in clerical speed and dexterity in combination with visual motor coordination. Her fund of knowledge and ability to store and retrieve information was considered extremely deficient. Mrs. Nalley was believed to have sufficient emotional resources, is interested in working in laundry or janitorial service, and would prefer working with people. She testified that she likes to work and now works two to three hours every week or two sweeping and dusting in a furniture store. (She also testified she doubted whether she could work a full eight-hour day or work five days a week). The psychological report also stated that Mrs. Nalley was a good candidate for therapy and had a good prognosis for vocational success.

However, the Administrative Law Judge's decision that Mrs. Nalley is not disabled based on her mental abilities is contrary to the listed impairments set forth in the Secretary's regulations, and therefore, is not supported by substantial evidence.

The decision of the Secretary of Health and Human Services became final when the Appeals Council denied review on October 1, 1982. Jurisdiction exists to review the denial of Supplemental Security Benefits under 42 U.S.C. Section 1383(c)(3), and 42 U.S.C. Section 405(g).

Defendant/Secretary has filed a motion for summary judgment in accordance with Rule 56 of the Federal Rules Of Civil Procedure. Plaintiff has filed a Motion To Reverse The Secretary with a supporting Memorandum.

Disability is defined the same for Supplemental Security Income as for Social Security Disability Insurance, that is, the inability to engage in substantial gainful activity. 42 U.S.C. Sections 423 and 1382. The standard for judicial review is likewise the same for both programs. 42 U.S.C. Sections 405(g) and 1383(c)(3). Therefore, Social Security Disability Insurance cases will be cited as appropriate in both instances. See, *Strickland v. Harris*, 615 F.2d 1103 (5th Cir.1980).

The issue is whether the Secretary's decision is supported by substantial evidence. *Gibson v. Secretary of Health, Education and Welfare*, 678 F.2d 653 (6th Cir.1982). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Administrative Law Judge found that plaintiff was not entitled to Supplemental Security Benefits based on use of the GRID. There is some confusion as to which rule the Administrative Law Judge relied upon as two rules are cited.

Under "Evaluation of Evidence", Tr. 21, the Administrative Law Judge finds plaintiff not disabled under Rule 201.27 of 20 C.F.R. Part 404, Appendix 2, Table 1. Rule 201.27 applies to a person with a high-school education or more. Plaintiff has only completed the eighth-grade, and her actual intellect is even lower.

The Administrative Law Judge also finds plaintiff not disabled under Rule 201.01 of

20 C.F.R. Part 404, Appendix 2, Table 1, in the section entitled, "Findings". See No. 8, Tr. 22. This rule applies to persons of advanced age, fifty-five or over. 20 C.F.R. Section 404.1563(d). Plaintiff was thirty-nine years of age at the hearing. Furthermore, this rule directs a finding of "disabled" rather than the "not disabled" finding. See No. 8, Tr. 22.

■ Assuming the plaintiff is subject to a rule of the GRID, such rule would be under Table 1, Appendix 2, as plaintiff has been found to be restricted to sedentary work. The Table 1, Rules 201.23 to 201.29 would apply to plaintiff's age category, "Younger Individual age 18–44". Each of these rules directs a finding of not disabled, but each is also footnoted with a reference to 201.00(h). This section discusses the abilities necessary to perform sedentary work.

20 C.F.R. Part 404, Appendix 2, Section 201.00(h), provides in part:

> However, a finding of disabled is not precluded for those individuals under age 45 who do not meet all of the criteria of a specific rule and who do not have the ability to perform a full range of sedentary work. The following examples are illustrative: ... Example 2: An illiterate 41 year old individual with mild mental retardation (IQ of 78) is restricted to unskilled sedentary work and cannot perform vocationally relevant past work, which had consisted of unskilled agricultural field work; his or her particular characteristics do not specifically meet any of the rules in Appendix 2, because this individual cannot perform the full range of work defined as sedentary. In light of the adverse factors which further narrow the range of sedentary work for which this individual is qualified, a finding of disabled is appropriate.

This example parallels Mrs. Nalley's situation. She is not technically illiterate but reads at a fourth-grade level, spells at a third-grade level, and has a full scale IQ of 60. She can't perform her past work of a maid, is unskilled (maid, laundry, babysitting), and is restricted to sedentary work.

This example would support a finding of disabled for Mrs. Nalley.

Another provision of the Secretary's regulations directs a finding of disabled based on plaintiff's limited mental·capacity. The psychological evaluation reports a full scale IQ of 60, a verbal IQ of 59, and a performance IQ of 66 for plaintiff. The regulations set forth a list of impairments considered severe enough of themselves to direct a finding of disabled. 20 C.F.R. Section 404.1525(a); 20 C.F.R. Section 416.-920(d) (1982). The listed impairments for mental retardation are found at 20 C.F.R. Part 404, Appendix 1, Section 12.05. Section 12.05B sets forth a disabling impairment of an "IQ of 59 or less." Section 12.00B4 provides, "Where more than one IQ is customarily derived from the test administered, i.e., where Verbal, Performance, and Full Scale IQ's are provided as on the WAIS, the lowest of these is to be used in conjunction with 12.05." Mrs. Nalley's lowest score was Verbal 59. Therefore, plaintiff meets the listed impairment and should be found disabled.

The district court has held that where a plaintiff's intelligence test scores met the listed impairment scores of 20 C.F.R. Section 404, Appendix 1, Section 12.05(C), a finding of disability is warranted. *Wright v. Schweiker*, 556 F.Supp. 468, 475 (M.D. Tenn.1983).

In *Wright v. Schweiker, supra,* as in the case *sub judice,* the Administrative Law Judge did not address the applicability of the Appendix 1, Section 12.05, Mental Retardation regulations.

The Secretary argues that the Section 12.05(B) listing is not conclusive as regards a finding of disability and that her condition must be assessed in light of all the surrounding circumstances. He then cites to the most favorable assessments made of plaintiff which indicate that she is sociable, has a good attitude toward working with other people, and is considered a good candidate for therapy with a good prognosis for vocational success. The Secretary does not note the observations made concerning

her intellectual abilities, i.e., her fund of knowledge and ability to store and retrieve information is very deficient, reading abilities are third to fourth-grade level, there is probable organic damage, and that all her formal academic skills are below a fifth-grade level. Exhibit 17. Dr. Schiller noted that she was not very intellectually bright which made it very hard to take a history. Exhibit 14. Plaintiff testified that she can only partially read the newspapers, can write letters to her sister, but could not write a business letter, and has trouble figuring how much change she should get back when making a purchase. Mrs. Nalley appears to be a woman with a fairly good emotional makeup, but of very limited intellectual resources.

20 C.F.R. Section 404, Appendix 1, Section 12.00(B)(4) provides, "Care should be taken to ascertain that test results are consistent with daily activities and behavior." The evidence is not such as to indicate that the scores plaintiff received on her intelligence tests are necessarily inconsistent with her daily activities and behavior. Though she does have a good attitude toward work and may be a good prospect for therapy, her intellectual resources would limit the range of sedentary jobs which she can perform. As she states, she has difficulty even making change. The Secretary's regulations and listed impairments therefore direct a finding that Mrs. Nalley is disabled and entitled to Supplemental Security Income. 20 C.F.R. Section 404, Appendix 1, Section 12.05(B). See, also: *Wright v. Schweiker*, 556 F.Supp. 468, 475 (M.D.Tenn.1983).

Therefore, plaintiff's Motion To Reverse The Secretary is sustained, and the case is remanded to the Secretary for award of Supplemental Security Income Benefits, and a separate Judgment has this day been entered.