A. Harris ADAMS, as Guardian of the
property of Andrew J. Rushing,
Plaintiff-Appellant,

v.

Margaret M. HECKLER,
Defendant-Appellee.

No. 83–8494.

United States Court of Appeals,
Eleventh Circuit.

Sept. 27, 1984.

Deborah S. Kitay, Decatur, Ga., for plaintiff-appellant.

Larry D. Thompson, Atty. Gen., Haila Coleman, Dept. of Health & Human Services, Atlanta, Ga., for defendant-appellee.

Before FAY and JOHNSON, Circuit Judges, and YOUNG *, District Judge.

PER CURIAM:

The claimant in this social security disability case, Andrew Rushing, appeals the district court's affirmance of the Secretary's termination of disability insurance benefits. The dispositive issue on appeal is whether the Secretary followed the proper procedure in determining that Rushing was no longer disabled. This court finds, and the Secretary has conceded, that there was a failure by the Secretary to complete the sequential evaluation process required by 20 C.F.R. §§ 404.1520 and 416.920 (1983). We therefore reverse.

Rushing was first evaluated by the Secretary for disability purposes in May of 1975. At that time, Rushing was sixteen years old, had an IQ of 44, and was considered by doctors who had examined him to be mildly retarded. The Secretary applied 20 C.F.R. § 416.923 and 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05 (1983), the standard applicable to individuals under the age of eighteen claiming disability due to mental retardation, and determined that Rushing was disabled and thus entitled to receive benefits. On November

---

* Honorable George C. Young, U.S. District Judge for the Middle District of Florida, sitting by designation.

17, 1980, after a re-evaluation of his condition, Rushing was notified by the Secretary that his benefits were being discontinued. This discontinuance was based on the conclusion that Rushing was no longer disabled because his IQ had improved from 44 to 63. It is the procedure by which the Secretary arrived at this determination which is the subject of this appeal.

In *Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir.1982), this court held that there could be no termination of disability benefits unless there is substantial evidence of improvement by the claimant to the point of no disability. The mere fact that Rushing's IQ had improved from 44 to 63 would not be sufficient in itself to meet the requirements of *Simpson*. Before there can be a termination of disability benefits, the Secretary must establish not only that Rushing's condition has improved, but also that it has improved to the point that he no longer is disabled. In deciding whether a claimant is still disabled, the Secretary is required to utilize the sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920 (1983). *Ambers v. Heckler*, 736 F.2d 1467 at 1469 (11th Cir.1984) (citing *Anderson v. Schweiker*, 651 F.2d 306, 308 (5th Cir. Unit A 1981)). Rushing's primary contention on appeal is that the Secretary failed to complete the sequential evaluation process and that Rushing meets the standard for disability contained in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C).

■ The sequential evaluation process requires that the Secretary review, in order, the claimant's current work activity, the severity of the claimed impairment, the residual functional capacity of the claimant, and the claimant's age, education and work experience. 20 C.F.R. §§ 404.1520(a) and 416.920(a) (1983). Under the sequential evaluation process, if the claimant has "an impairment which meets the duration requirement and is listed in Appendix 1

...." the Secretary will find the claimant disabled. *Id.* at §§ 404.1520(d) and 416.-920(d).

■ Rushing has contended throughout the administrative process that he falls under an impairment listed in Appendix 1 and is entitled to disability benefits under 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C) (1983). This section provides that a claimant is disabled if he has "[an] IQ of 60 to 69 inclusive ... and a physical or other mental impairment imposing additional and significant work-related limitation of function." There is no question that Rushing's present IQ score of 63 falls within the ambit of this section. The crucial question, however, is twofold: First, does Rushing have an additional physical or mental impairment which amounts to a significant work-related limitation? If so, then he clearly meets the requirements for disability due to mental retardation as set forth in section 1205(C).[1] Second, did the Secretary consider the possibility of the existence of an additional impairment?

There is ample evidence in the record from which one might conclude that there indeed are additional mental impairments in Rushing's case which amount to significant work-related limitations of function. The claimant's past failed attempts at menial employment and the doctor's characterization of Rushing as having a maladaptive or dyssocial personality casts serious doubt on whether Rushing could hold a job even if he were to be hired. We need not decide this question, however, because the Secretary has conceded that these additional impairments were never even taken into account as required by the sequential evaluation process. The decision to terminate Rushing's benefits was based solely on the fact that his IQ had improved to the point that he could no longer be considered disabled on the basis of IQ score alone. Since the sequential evaluation process was never completed, the resulting determination that Rushing is not disabled is insufficient

---

**1.** For an application of the sequential evaluation process and § 1205(C) to a claimant seeking mental retardation disability status on the basis of IQ score, *see Edwards v. Heckler*, 736 F.2d 625 at 630 (11th Cir.1984).

to satisfy the Secretary's burden under *Simpson*, 691 F.2d at 969. The termination of Rushing's benefits was therefore improper.

The decision of the district court affirming the administrative law judge's ruling is hereby reversed and the improper termination of Rushing's disability benefits vacated. On remand, the district court should enter a judgment in favor of the claimant.

REVERSED and REMANDED.