**Robert W. POWELL on Behalf of William V. POWELL, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 85–8228**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 18, 1985.

---

Thomas C. Chambers, III, Homerville, Ga., for plaintiff-appellant.

Henry L. Whisenhunt, Jr., Augusta, Ga., Paula L. Kocher, Atlanta, Ga., for defendant-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

The appellants come before us with an appeal from partial denial of disability insurance benefits by the Secretary-appellee. The United States District Court for the Southern District of Georgia adopted the report and recommendations of the magistrate, which in turn affirmed the decision of the administrative law judge granting in part and denying in part appellants' application for benefits under Title II of the Social Security Act. For the reasons stated herein, we AFFIRM the granting of benefits as of December 31, 1981, REVERSE the decision denying benefits from 1978 through October 26, 1981, and REMAND WITH INSTRUCTIONS to enter an appropriate award.

## I. FACTS.

Appellant William V. Powell [hereinafter "William"] is a chronic, undifferentiated schizophrenic. He is 44 years old, unmarried, and lives with his father, appellant Robert W. Powell. William is a high school graduate with one year's vocational training and has been determined to be of average intelligence by customary psychometric techniques.

Beginning in 1963, William suffered severe emotional disorders. In the ensuing twenty-two years, these problems have resulted in hospitalization in state mental institutions and outpatient treatment at mental health clinics at least a dozen times. He has twice undergone electroshock therapy and has regularly been prescribed psychotropic drugs such as thorazine, mellaril, and stelazine.

From 1962 through 1977, with periodic absences for psychiatric treatment, William worked for the South Georgia Pecan Company doing manual labor, apparently in large part because his father Robert had sufficient standing with the company to keep William on the payroll despite his psychiatric disorder. Through his job, he earned income in excess of that deemed adequate under the Secretary's guidelines to constitute substantial gainful activity. 20 C.F.R. § 404.1574 (1985). He was accordingly ineligible for disability benefits under Title II of the Social Security Act, despite his recurring mental illness. Since 1977 William has worked only intermittently and has not had income in excess of $700 in any one year until the period from October 26, 1981, through January 1, 1982, during which he made $1,500 working for his father in a pecan factory. When that factory went out of business, William was again unemployed.

On May 3, 1982, Robert Powell filed on William's behalf an application for a period of disability and disability insurance benefits. Initial and reconsidered review of his claim by the Secretary found no disability. A timely request was made for a hearing before an administrative law judge [hereinafter "ALJ"]. Pursuant to the original hearing request, William was examined first by a clinical psychologist and subsequently by a psychiatrist. The former found William somewhat able to function and to interact with others, but concluded nonetheless that he was unable to function in "an average stress competitive work situation," though with proper training he "might be able to maintain appropriately gainful activity." Psychological evaluation of W.H. Beckers, Ed.D. at 3. The psychiatrist, in an examination two months subsequent to that of the psychologist, found that William exhibited "bizarre" behavior, was subject to seizures, often made "animal-like noises," and expressed most of his thoughts by communicating "through his pet dog and cat." The psychiatrist found, in sum, that William was unable to handle "any responsibility of even a minimum expectancy" and determined he was incapable of managing his own affairs. Psychiatric evaluation of C.M. Johnson, M.D. at 3. The ALJ found himself in "total agreement" with the observations of the psychiatrist and entered findings determining that

William was disabled as of December 31, 1981, but not prior to that date, under the terms of Social Security Regulation § 404.-1520(d). The magistrate affirmed this finding in his report and recommendations; the district court accepted the magistrate's recommendation.

## II. ANALYSIS.

There is no question that William Powell is a highly disturbed individual. Nor is there any question that his illness has left him functionally disabled. At issue today is whether the appellee erred in awarding appellants benefits only as of William's last day of employment, December 31, 1981, or whether she should have awarded them retroactively as of 1978, when William's employment record became intermittent.

### A) The Standard of Review.

In considering appeals of benefit awards under the Social Security Act, we have consistently deemed our role as circumscribed. We will not ordinarily consider the facts *de novo*, nor will we substitute our judgment for that of the Secretary. Rather our consideration will be limited to a determination that the decision of the Secretary is reasonable and supported on the record as a whole by substantial evidence. *Owens v. Heckler*, 748 F.2d 1511, 1514 (11th Cir.1984); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). Congress has mandated this standard of review by statutory enactment. 42 U.S.C.A. § 405(g) (1985). The requirement of substantial evidence demands more than a mere scintilla yet does not require the showing of a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420,

1427, 28 L.Ed.2d 842 (1971); *Bloodsworth*, 703 F.2d at 1239; *Walden v. Schweiker*, 672 F.2d 835, 838–40 (11th Cir.1982).

Nonetheless, this presumption of deference does not permit us to close our eyes when presented with clear error in application of the governing statute, or with evidence insubstantial on its face. *Ambers v. Heckler*, 736 F.2d 1467, 1469 (11th Cir.1984); *Bloodsworth*, 703 F.2d at 1239; *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir.1981); *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir.1981), *cert. denied*, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982). Careful consideration of the record shows precisely that.

### B) The Sequential Evaluation Requirement.

The appellants contend that the appellee through the ALJ did not follow the sequential disability evaluation method required by the Secretary's own regulations. As this Court has previously held, the analysis set forth in the regulations promulgated at 20 C.F.R. § 404.1520 *must* be followed when evaluating a claim for disability benefits. *Ambers*, 736 F.2d at 1469. Failure to do so constitutes grounds for reversal. *Adams v. Heckler*, 742 F.2d 1321, 1322 (11th Cir.1984). Having reviewed the record in its entirety, we do not find substantial evidence that either the Secretary, through the ALJ, or the district court, in relying on the magistrate's recommendations, followed this required analysis.[1] Scrutiny of either opinion offers as justification for a denial of benefits only the fact that William worked intermittently during the period at issue, from 1978 through 1981.[2]

---

1. The Secretary admits in her brief at 9–10 that "the district court affirmed the Secretary on grounds inconsistent with the correct application of the sequential evaluation." Nonetheless, she asks us to reach out "to modify the district court's grounds so that it comports with the Secretary's findings." This Court can identify error below and will remand, sometimes with instructions, in such cases, but it cannot properly undertake to create a record to sustain a decision where no record exists. As Justice Douglas has written, "the Government in moving against the citizen should ... turn square corners." *Commissioner of Internal Revenue v.*

*Lester*, 366 U.S. 299, 306, 81 S.Ct. 1343, 1348, 6 L.Ed.2d 306 (1961) (Douglas, J., concurring).

2. Likewise, the Secretary admits that the appellant "may have had functional limitations prior to December 1981 and has not argued that claimant's condition deteriorated, resulting in claimant's disability on December 31, 1981." Appellee's brief at 14. But she maintains that simply because William was working up to that date, he was not properly found disabled, *id.*, citing for support 42 U.S.C.A. § 423(d)(1)(A) and 20 C.F.R. § 404.1520(b). We find this argument and citation puzzling, because the record

First, this without more is merely *ipse dixit*. There must be sufficient recorded evidence of the *ratio decidendi* so that we can determine on the merits whether a claim is "rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981).[3] We find the record created inadequate and the evidence relied upon insubstantial as a matter of law.

Second, this Court has noted before, *per* Roney, J., the peculiarity of the requirements of the sequential evaluation procedure mandated by § 404.1520(a)–(f). *Ambers*, 736 F.2d at 1469. These rules require that in order to demonstrate disability, so as to be eligible for benefits, a claimant must show "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." § 404.1505. Relevant mental impairments sufficient to cause disability include "functional psychotic disorders" including schizophrenia. 20 C.F.R. Appendix 1 § 12.03. A person so afflicted would be eligible for benefits. Yet in evaluating disability, the Secretary has directed that if one is engaged in substantial gainful activity "we will find that [the claimant is] not disabled *regardless* of [his] medical condition or [his] age, education, and work experience." 20 C.F.R. § 404.1520(b) (emphasis supplied). Employment acts, in essence, to bar benefits to otherwise eligible claimants for the duration of employment.

■ As we noted in *Ambers*, however, "upon cessation of employment, the regulations support a finding of disability if one meets the listings [in Appendix 1], even though the statute relates disability to the inability to work because of the impairment." 736 F.2d at 1469. Hence, it is not enough merely to note, as did the magistrate and the ALJ below, that William was "at least able to work for short periods of time...." ALJ opinion at 3. Nor is it enough to submit to this Court, as justification for denial of benefits for the entire period, the fact that for the last ten weeks in a four year period a claimant had income sufficient to constitute substantial gainful activity. Appellee's brief at 12, 15–16. Substantial gainful activity clearly *does* bar benefits under the statute regardless of any actual disability of the claimant. But it bars such benefits *only* for such periods of activity. We today extend our analysis in *Ambers* and hold that as a matter of law a person otherwise disabled under the terms of Title II who manages somehow to secure employment will pass into and out of eligibility for benefits when ceasing or embarking upon "substantial gainful activity"—that is, employment with earnings in excess of the Secretary's guidelines.

■ To sustain the decision below we must find substantial evidence on the record that during the periods at issue when William was *unemployed* his long-standing mental illness did not render him disabled as defined by the Secretary's sequential guidelines. We are unable to do so. There is uncontroverted in the record the conclusion of the psychiatrist who examined William that his condition showed marked mental deterioration over a number of years. Psychiatric evaluation of C.M. Johnson, M.D. at 2. There is also uncontested Dr. Johnson's determination that at least as of 1980, when William was admitted to the Georgia Regional Hospital, he was demonstrating the type of symptoms which the ALJ found warranted benefits—that is "marked peculiar behavior by talking to himself, wandering out at night, making animal noises, marked impairment in his personal hygiene and grooming, and maintaining a very inappropriate flat af-

shows that at no time during the period at issue did William's income ever exceed the income threshold the Secretary has established by her own regulations, codified at 404.1574(b).

**3.** Indeed, the Secretary concedes in her brief at 8 that the denial of benefits by the ALJ, on the grounds that William was engaged in substantial gainful activity during the four-year period, was at best an implicit finding. That alone is not sufficient to sustain an affirmance on appeal to this Court.

fect...." *Id.* at 3. We find nothing in the record to indicate any change in William's condition between the time he left employment in 1978 and 1980 when he was admitted to Georgia Regional Hospital. These manifestations alone make out a *prima facie* showing of functional psychotic disorder under Appendix 1 § 12.03 sufficient to warrant a determination of disability and a granting of benefits. Though it appears the disability had its onset prior to 1978, under the rule we announce today William would be eligible for benefits only for the time he was not engaged in substantial gainful activity—that is, from October 26 to December 31, 1981.

There is also uncontested in the record of the hearing before the ALJ evidence that William had "no earnings whatsoever" from 1978 to 1980 and that from 1980 through 1981, when he began working for his father, he earned only $372. Hearing transcript at 20–21. These findings were explicitly adopted by the Secretary in her memorandum in support of the Secretary's decision filed with the magistrate. These findings are obviously insufficient to establish substantial gainful activity under the Secretary's regulations. Therefore, William is eligible for disability benefits for those periods from 1978 to 1981 during which his income was below that sufficient to constitute substantial gainful activity.

Third, even if William had occasional income during the four years in question that was sufficient to constitute substantial gainful activity, it is uncontroverted that during that period of four years only in the last ten weeks did William's income exceed the earnings threshold set forth in the Secretary's guidelines at 20 C.F.R. § 404.-1574(b)(2). Appellant's brief at 6–7. Accordingly, he would be eligible for benefits from the time he left substantial gainful activity in 1978 until he again undertook substantial gainful activity at his father's pecan factory in October of 1981. At most there would be only a ten week period of ineligibility.

## III. CONCLUSION.

In light of the determinations above, we are compelled to affirm the award of bene-

fits from December 31, 1981, hence, to reverse the denial of benefits for the prior period and to remand this case to the district court. *Hudson v. Heckler*, 755 F.2d 781, 785–86 (11th Cir.1985). Because we find the determination of the Secretary so clearly incorrect, and the uncontroverted evidence so compelling, the district court is ordered to remand this case to the Secretary with instructions to make appropriate awards not inconsistent with this opinion as to the periods from 1978 through 1981 during which William V. Powell was not engaged in substantial gainful activity under the schedule set forth at 20 C.F.R. § 404.-1574(b). It is our judgment that she be directed to award to the appellant William V. Powell, through his next friend Robert W. Powell, disability benefits under Title II of the Social Security Act for that period.

AFFIRMED in part and REVERSED in part and REMANDED with instructions.