Sylvia DAVIS, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 8:98CV1447T17A.

United States District Court,
M.D. Florida,
Tampa Division.

March 31, 2000.

Michael Alan Steinberg, Michael A. Steinberg & Associates, Tampa, FL, for Sylvia Davis, plaintiff.

Roberta M. Klosiewicz, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, for Kenneth S. Apfel, Commissioner, Social Security Administration, defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on the Report and Recommendation (Dkt.24) entered by Magistrate Judge Mark A. Pizzo, and Plaintiff's objections thereto (Dkt.24). After reviewing the Report and Recommendation and considering Plaintiff's objections, the Court adopts the Magistrate Judge's Report and Recommendation.

### I. STATEMENT OF THE CASE

Plaintiff, who was 31 years old at the time of the hearing before the Administrative Law Judge, alleges a disability onset date of January 1, 1992, due to diabetes mellitus, alcoholism, depression, and suicidal tendencies. She first applied for disability insurance benefits and SSI on October 13, 1994, and her claims were denied both initially and upon reconsideration. Plaintiff has exhausted her administration remedies, and the case is now ripe for review by the Court.

Plaintiff testified at the hearing that she resides in a boarding house where some of her meals are provided for her and she prepares some of her meals herself.

Plaintiff graduated from high school and attended one year of college. Plaintiff's work experience includes employment for two weeks in 1994 at Burger King, approximately three weeks of employment in 1994 at Service Merchandise, and full time work in 1990 in Virginia. According to Plaintiff, she has always had emotional problems. She stated that she is unable to work because she "can't stand the least little pressure."

Though Plaintiff testified in the beginning of the hearing that she has not had an

alcoholic beverage for the past eight years or so, she later testified that the last time she had been drunk or had an alcoholic drink was almost one year ago. The medical records consistently confirm Plaintiff's substance abuse problem.

In particular, Plaintiff's records from her admission to Florida Metal Health Institute on September 14, 1995 indicate that she began drinking at age 15. She reported drinking "four quarts of beer every day in addition to drinking liquor, champagne, or whatever" (R. 172). During her stay at the institute, Plaintiff was given two day passes. On both occasions, she returned to the institute exhibiting symptoms of intoxication (R. 550).

Plaintiff was AWOL on two occasions and, after being AWOL for two days, was discharged on October 30, 1995 (R. 550). At discharge, Dr. Eduardo Gonzalez opined that Plaintiff was stable on her psychiatric medications, and recommended that she continue attending AA meetings and stay away from alcohol (R. 165). Her diagnosis upon discharge was major depression recurrent, with psychotic features, polysubstance abuse and dependence, borderline personality, and diabetes (R. 168).

Plaintiff's application for benefits states that she is "always drunk," that she has been "in a lot of car accidents due to alcohol," and that she was "in jail for attempted murder caused by alcohol." (R. 92). In February 1996, while at Florida State Hospital in Chattahoochee, Plaintiff was again diagnosed with alcohol dependence and personality disorder (R. 265). Likewise, in 1995, an assessment by a non-treating physician indicated Plaintiff suffers from alcohol dependence (R. 100).

## II. STANDARD OF REVIEW

To be entitled to Social Security Insurance or disability benefits, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be ex-

pected to last for a continuous period of not less than twelve months." 42 U.S.C. Sec. 423(d)(3) (1996).

The Social Security Regulations (hereinafter "Regulations") outline a five-step sequential process for determining whether a person is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (1996); *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a) and 416.920(a). The first inquiry is whether the claimant has engaged in substantial gainful activities, after the alleged disability onset date. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b) (1996). If the claimant has engaged in substantial gainful activity, since the alleged onset date, benefits must be denied. *See id.*

If the claimant has not worked since the alleged disability onset date, the second step in the process requires a determination of whether the claimant has a "severe" impairment or combination of impairments. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b) (1996). An impairment is severe if it significantly limits the claimant's physical or mental ability to engage in basic work–related activities. *See* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c) (1996). The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do more jobs." *See* 20 C.F.R. §§ 404.1521, 416.921(b) (1996). A disability or SSI claim must be denied if the claimant does not have a severe impairment. *See* 20 C.F.R. §§ 404.1520(a), 416.920 (1996).

If the impairment or combination of impairments is severe, the third step requires a comparison of the claimant's condition with the Commissioner's listed impairments. *See id.* The Commissioner's listed impairments are conditions considered severe enough to preclude substantial gainful activity and lead to the conclusive presumption of disability. *See id.*

If the claimant's condition does not meet or equal the requirements for any listed impairment, the claimant cannot, based on medical facts alone, be considered "disabled." *See* 20 C.F.R. §§ 404.1520(d), 416.920(d) (1996). Step four, therefore, requires a determination of whether the claimant is able to return to past relevant work. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e)(1996).

If the claimant is unable to perform past relevant work, then the fifth, and final step, is an inquiry into the claimant's ability to perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f) (1996). This inquiry varies with respect to the claimant's age, education, and relevant work experience. *See id.* Claimants are entitled to benefits only if they are unable to perform other work in the national economy. *See id.*

## A. REVIEW OF ALJ's FINDINGS

▮ A determination by the Secretary that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g) (1996). If supported by substantial evidence, findings of the Commissioner of Health and Human Services are conclusive. *Id.* Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Company v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126, (1938)). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson,* 402 U.S. at 401, 91 S.Ct. 1420.

▮ The controlling reasonable mind standard mandates that if there is pertinent and adequate evidence supporting a decision, it must be upheld. *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may not substitute its own judgment for the Secretary's nor re-evaluate the evidence unless the decision is clearly illogical or unsubstantiated. *See*

*Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983); *See also, Powell v. Heckler,* 773 F.2d 1572, 1575 (11th Cir. 1985). Therefore, even if the evidence appears to weigh against the decision of the Secretary, this Court must affirm the decision if there is sufficient supporting evidence. *Martin,* 894 F.2d at 1529 (11th Cir.1990); *See Bloodsworth,* 703 F.2d at 1239 (11th Cir.1983).

▮ The scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence, and whether the correct legal standards were applied. *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir.1988). Moreover, it is the function of the secretary, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971). Similarly, it is the responsibility of the Secretary to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient,* 323 F.2d 989 (5th Cir.1963).

## B. THE REPORT AND RECOMMENDATION

Under the Federal Magistrate's Act, Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. The relevant portion of this act is found at 28 U.S.C. § 636 (1996). A United States District Court Judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations for the disposition of certain pretrial matters. 28 U.S.C. § 636(b)(1)(B) & (C); Middle District of Florida Local Rule 6.02.

▮ A party must file written objections to the findings of fact within ten (10) days of being served with the R & R. The District Judge shall make a de novo review of those portions of the R & R to which

the objections are made. *See Gropp v. United Airlines, Inc.,* 817 F.Supp. 1558, 1561 (M.D.Fla.1993). The District Judge must evaluate portions of the R & R not objected to under a clearly erroneous standard of review. *See id.* at 1562.

## III. THE ALJ'S FINDINGS

After considering the evidence, the ALJ made the following two findings:

1. Plaintiff's diabetes is not a "severe" impairment within the meaning of the regulations.

2. Independent of her substance abuse, Plaintiff does not have an impairment or a combination of impairments, which would prevent her from engaging in substantial gainful activity.

## IV. THE REPORT AND RECOMMENDATION

The Report and Recommendation (hereinafter "R & R") entered by Magistrate Judge Mark A. Pizzo concluded that the ALJ followed the regulatory scheme in denying Plaintiff's claim for disability and that the decision is substantially supported by the record as a whole. The R & R focused upon two propositions in coming to this conclusion.

## A. DR. RICHARD CARPENTER'S OPINION

Dr. Richard Carpenter's opinion supplied the medical evidence the ALJ relied upon in reaching his decision that independent of alcoholism, Plaintiff was not disabled. (Tr. 558–562) The ALJ specifically noted Dr. Carpenter's opinion that Plaintiff's "mental illness" was merely a self-serving ploy to avoid prosecution. (Tr. 18) His impression was that Plaintiff's "inability to remember information was that she was attempting to portray herself as incompetent," however, he suspected her memory was fine. (Tr. 559)

Dr. Carpenter interviewed two nurses separately about Plaintiff. The first stated that the Plaintiff "is very manipulative and is known to distort the truth." The other nurse evidenced the Plaintiff's memory capabilities by recounting a detailed discussion with the Plaintiff about her medications. (Tr. 560) Dr. Carpenter concluded that Plaintiff's ability to concentrate was within normal limits, and her mental processing was rational and logical, except when appearing psychotic suited her purposes. (Tr. 560)

The R & R further states that the ALJ considered Dr. Karen Castleman's report concerning Plaintiff's competency to stand trial. The ALJ rejected Dr. Castleman's opinion that Plaintiff had a serious mental illness of psychotic proportions because he felt the report was based solely upon the Plaintiff's representations. (Tr. 18)

## B. SUBSTANTIAL EVIDENCE SUPPORTS ALJ's FINDINGS

The R & R states that the ALJ's findings are supported by substantial evidence about whether Plaintiff had other disabling psychiatric impairments. The ALJ and Magistrate specifically note evidence from a State mental institution where Plaintiff exhibited psychiatric stability when forced to abstain from alcohol or drugs. (Tr. 162–175, 547–548)

The R & R further cites Dr. Carpenter's report from July 1995 in which he reported Plaintiff's adequate memory, normal attention and concentration, normal thought processes, and no evidence of psychotic symptomatology. (Tr. 160–161) Dr. Carpenter opined that Plaintiff was only mildly depressed and angry.

The Report and Recommendation, entered by Magistrate Judge Mark A. Pizzo, concluded that the record as a whole substantially supports the ALJ's decision.

## V. PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

On August 10, 1998, Plaintiff brought forth specific objections to the findings of the Report and Recommendation. After

reviewing the R & R and Plaintiff's objections thereto, the Court hereby denies Plaintiff's request for remand and reversal of the ALJ's decision, and fully adopts and confirms the R & R.

**Plaintiff objects to the R & R on two grounds:**

1) The Magistrate Judge erred in concluding that the ALJ properly evaluated whether alcoholism or drug addiction was a contributing factor material to the determination of disability.

2) The U.S. Magistrate Judge erred in concluding that the Appeals Council did not act improperly when it failed to assist Plaintiff in attaining medical evidence gathered after the ALJ's Decision.

First, Plaintiff asserts that the Magistrate Judge erred in concluding that the ALJ properly evaluated whether alcoholism or drug addiction was a contributing factor material to the determination of disability. Plaintiff correctly states, in her objections to the R & R, the instruction issued by the Commissioner regarding how to handle the "materiality" determination of drug and alcohol addiction. Of pertinence, the Commissioner states that the "[m]ost useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs/alcohol."

 Despite Plaintiff's awareness of the Commissioner's directive, she fails to acknowledge the evidence the ALJ and R & R point out relating to periods of psychiatric stability when plaintiff was forced to abstain from drugs and alcohol, including evidence from a State mental institution where the Plaintiff exhibited psychiatric stability when forced to abstain from alcohol or drugs. (Tr. 162–175, 547–548) Additionally, testimonial evidence from observing nurses stated Plaintiff's thinking was logical and goal-directed "substantially" supports the ALJ's and Magistrate's finding that Plaintiff's addiction was a contributing factor material to the determination

of disability. Therefore, the record does not support Plaintiff's first objection to the R & R.

Second, Plaintiff asserts that the Magistrate Judge erred in concluding that the Appeals Council did not act improperly when it failed to assist Plaintiff in attaining medical evidence gathered after the ALJ's decision. The Appeals Council explained that any medical evidence gathered after the ALJ's decision was not material to the issue of whether Plaintiff was disabled prior to the date of the ALJ's decision. The Appeals Council will look only to evidence presented to the ALJ to determine whether his decision was supported by substantial evidence. *See Falge v. Apfel,* 150 F.3d 1320, 1323 (11th Cir.1998). The medical evidence Plaintiff sought was not available to the ALJ. Therefore, Plaintiff's second objection is without merit. As to portions of the R & R not objected to by Plaintiff, the Court finds no clear error. Accordingly, it is

**ORDERED** that the Report and Recommendation (Dkt.24) is **adopted** and incorporated by reference; Plaintiff's objections are **overruled.** The decision of the Commissioner is **affirmed.** The Clerk of Court shall enter a final judgment for Defendant.