**Margaret LONG, Petitioner,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. 93–374–CIV–FTM–17.**

United States District Court,
M.D. Florida,
Fort Myers Division.

Oct. 17, 1995.

Carol Ann Avard, Avard Law Offices, Cape Coral, FL, for Margaret Long.

Michael A. Cauley, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, for Donna E. Shalala.

### ORDER ADOPTING REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

This cause is before the Court on the Report and Recommendation entered by Magistrate Judge George T. Swartz, on March 17, 1995, and Petitioner's objections thereto, filed June 12, 1995.

In this case, the Court agrees with the Magistrate Judge's recommendation to affirm the decision of the Secretary of Health and Human services which denied the Petitioner's petition for disability insurance benefits under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). After reviewing the Report and Recommendation findings in light of Petitioner's objections, this Court adopts the Magistrate Judge's Report and Recommendation.

### I. STATEMENT OF THE CASE

The Petitioner, Dr. Margaret Long, initially filed an application for Title II benefits on October 1, 1991, claiming disability as of May 15, 1986. The Petitioner contended that she could no longer work due to osteoarthritis of the lower back, memory loss, eyesight loss, blurred vision, pain in the shoulders, arms, and hands, swelling of her feet, a spastic colon, sleep apnea, hyperthyroidism, diverticulitis, and hemorrhoids. Prior to her alleged disability, the Plaintiff worked as a university professor. The Petitioner has a Doctorate of Philosophy in business education and higher education.

At the request of the Petitioner, a hearing was held on October 22, 1992, in Fort Myers, Florida, before Administrative Law Judge William O'Gray. At the hearing, vocational experts for both sides testified before the Administrative Law Judge. On March 26, 1993, the Administrative Law Judge denied the Petitioner's claim. In particular, the Administrative Law Judge concluded that the Petitioner, "has at least residual functional capacity to perform the physical exertion requirements of sedentary work allowing a sit/stand option."

The Appeals Council denied review of the Petitioner's claim on October 29, 1993. Thus, the decision of the Administrative Law Judge stood as the Secretary's final decision. Thereafter, the Plaintiff filed a memorandum in opposition to the Administrative Law Judge's decision on September 13, 1994. On March 17, 1995, Magistrate Judge, George T. Swartz, issued a Report and Recommendation upholding the decision of the Administrative Law Judge which was adopted by this Court after the Petitioner failed to object within ten (10) days.

Upon consideration, this Court granted the Petitioner's uncontested Motion to Reconsider Adopting the Magistrate Judge's Report and Recommendation on May 22, 1993. On June 12, 1995, the Petitioner filed her objections to the Magistrate Judge's Report and Recommendation.

## II. STANDARD OF REVIEW

█ If supported by substantial evidence, the Secretary's denial of disabled status must be upheld, 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla". *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The controlling reasonable mind standard mandates that if there is pertinent and adequate evidence supporting a decision, it must be upheld. *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir.1990). This Court may not substitute its own judgement for the Secretary's nor re-evaluate the evidence unless the decision is clearly illogical and unsubstantiated. See *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). *See also, Powell v. Heckler,* 773 F.2d 1572, 1575

(11th Cir.1985). Therefore, even if the evidence appears to weigh against the decision of the Secretary, this Court must affirm the decision if there is sufficient supporting evidence. *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir.1990).

█ For purposes of determining whether an individual is disabled, Congress requires that a claimant:·

[s]hall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). Under the present scheme, the burden of proving a disability shifts in the following manner: First, the claimant bears the burden of demonstrating that his or her impairment prevents their returning to their previous occupation. Once a claimant has done this, the burden shifts to the Secretary to demonstrate that there are other jobs in the national economy which the plaintiff can perform. Finally, the claimant must refute the Secretary's findings by proving they cannot perform the suggested jobs. *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987). *See also, Francis v. Heckler,* 749 F.2d 1562, 1564 (11th Cir.1985); *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983).

## III. ANALYSIS

The Petitioner states two (2) arguments in support of her contention that the Report and Recommendation of the Magistrate Judge is not supported by substantial evidence.

In her first argument, the Petitioner asserts that the vocational expert testimony taken as a whole, shows that the plaintiff lacks the residual functional capacity to perform even sedentary work. Secondly, the

Petitioner claims that the opinions of her treating physicians were unjustly discredited.

a. *The Social Security Vocational Expert Sufficiently Demonstrated the Existence of Other Jobs Which The Plaintiff Can Perform.*

■ The Magistrate Judge correctly determined that the Administrative Law Judge's conclusion regarding the Petitioner's ability to perform other work in the national economy was supported by substantial evidence. The Administrative Law Judge questioned Mr. A.J. Feldman, the Social Security Vocational Expert, as to whether he believed the Petitioner possessed transferable skills to work at a sedentary exertional level. Mr. Feldman responded that after doing a transferable skill assessment of the Petitioner, he found other sedentary skilled positions available. Mr. Feldman further testified that the Plaintiff acquired such skills as communicating, teaching, developing meaningful learning material, developing special skills and knowledge, speaking and writing in a clear effective way, analyzing problems, making decisions and organizational skills.

While the Petitioner has pointed out Mr. Feldman's error in classifying a Supervisor of Education and Supervisor–Industrial as "sedentary" instead of "light" according to the Dictionary of Occupational Titles, the skills that the Petitioner possesses would transfer to such sedentary jobs as a Director of a pre-school, correspondence instructor, and many occupations in education with little vocational adjustment. These positions have some allowance between sitting and standing. The Magistrate Judge's finding is supported by the law and this Court adopts the conclusion that the Petitioner could do other work was supported by substantial evidence. *See McSwain v. Bowen,* 814 F.2d 617, 620 (11th Cir.1987).

b. *The Administrative Law Judge properly considered the credibility of the Petitioner before determining that she is not disabled within the meaning of the statute.*

■ In determining whether a person is disabled, medical opinions will be considered together with the rest of the pertinent evidence. 20 C.F.R. § 404.1527(b) (1994). The Administrative Law Judge can consider "appearance and demeanor [of the claimant] during the hearing" as long as it is not exclusively relied upon. *Villa v. Sullivan,* 895 F.2d 1019 (5th Cir.1990); *See also Norris v. Heckler,* 760 F.2d 1154, 1156–7 (11th Cir. 1985).

■ The Administrative Law Judge found that the Petitioner's activities were inconsistent with her alleged combination of impairments. Petitioner has homes in both Pennsylvania and Florida and travels to Pennsylvania at least three (3) times a year for treatment and traveled to Hawaii in 1989. Petitioner admits to driving herself to all appointments and errands, doing light household chores, swimming daily, socializing with friends, going out to restaurants one (1) or two (2) times a week, and working with stained glass and shell art.

In the Petitioner's request for consideration, she attempted to downplay her activities by indicating that her husband had to help her with her personal needs, that she was no longer able to drive, and that she no longer went to the movies. When questioned by the Administrative Law Judge regarding these inconsistencies, the Petitioner stated that the January 1992 report of contact was essentially correct. The Administrative Law Judge found that these inconsistencies impacted negatively on her credibility.

■ Because the Administrative Law Judge determined that the Petitioner was not credible, he deduced that the opinions of her treating physicians were not credible. The Administrative Law Judge properly took her credibility into account before evaluating the validity of her treating physician opinions. *See* 20 C.F.R. § 404.1527(d)(6) (mandating the consideration of other factors before deciding how much weight to accord a medical opinion). Accordingly, this Court must disagree with the Petitioner's claim that her physicians were unjustly discredited. In light of all the evidence, this court agrees with the Magistrate Judge that there was evidence supporting the Administrative Law Judge's decision. Accordingly, it is

ORDERED that the Report and Recommendation (Docket No. 23) be **affirmed** and **adopted** by reference herein; and the Clerk of the Court be **directed** to enter judgement in accordance with this opinion.

**DONE and ORDERED.**