Jesse **TOWNSEND**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 82–0433–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Dec. 6, 1983.

Thomas C. Antenucci, Castlewood, Va.,
for plaintiff.

E. Montgomery Tucker, Asst. U.S. Atty.,
Roanoke, Va., for defendant.

MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health and Human Services denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g), as amended. As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Secretary's final decision is supported by "substantial evidence," and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, "substantial evidence" has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971).

In an opinion eventually adopted as the final decision of the Secretary, an Administrative Law Judge (ALJ) found that plaintiff was not under such a disability as to establish entitlement to benefits under the Act. While the ALJ found that plaintiff suffers from several impairments, the ALJ concluded that the conditions were not so severe, either singly or in combination, so as to constitute a disability within the meaning of the Act, 42 U.S.C. § 423.

The plaintiff, Jesse Robert Townsend, was born on May 23, 1941. He had no formal schooling and is a functional illiterate. Townsend's prior relative work experience is as a coal miner, a machine operator in a furniture factory, a forklift operator and a general laborer on a railroad crew. He filed an application for a period of disability and disability insurance benefits on April 2, 1981, alleging therein that he had become unable to engage in substantial gainful activity on January 6, 1975, due to an injury he received in his lower back in a mine accident. At the ALJ's hearing on his claim held on November 13,

1981, it was contended that plaintiff was also disabled due to his musculoskeletal impairment and a combination of mental and emotional impairments. Plaintiff's principle contention is that he is now disabled due to mental retardation and his physical musculoskeletal impairments and other mental impairments which impose additional and significant work-related limitation of function.

A review of the medical evidence of record discloses that there is not "substantial evidence" to support the *borderline intellect* finding in finding No. 4 (Tr. 22). The ALJ found that, "(c)laimant experiences chronic low back strain, borderline *intellect* and mild to moderate chronic anxiety." (Tr. 22; emphasis added). The ALJ's finding that Townsend is of *borderline intellect* is the linchpin of his decision when considering the issues raised in the memoranda of the parties.

The court has determined that Townsend is, indeed, disabled by a combination of his mental retardation considered together with his well-documented and proven musculoskeletal impairments and his other mental impairments.

The medical evidence contained test results from Wechsler Adult Intelligence Scale I.Q. testing performed by two different psychologists or sets of psychologists. He was examined on October 22, 1981, by Sharon Webber, psychologist, on referral from his attorney. Ms. Webber's testing disclosed that Townsend had a full scale I.Q. of 69, a verbal I.Q. of 72 and a performance I.Q. of 70, and opined that he was in the borderline range of intellectual functioning. (*See* Tr. 133 for Webber test results). Townsend was last tested by Clinical Psychologist Steven Savage and his associate, Christine Newby. Again using the Wechsler Adult Intelligence Scale testing, Savage and Newby found Townsend to have a full scale I.Q. of 67, a verbal I.Q. of 66, and a performance I.Q. of 73. The latter psychologists opined that Townsend was mildly retarded. (*See* Tr. 147 for Savage/Newby test results). A residual functional capacity questionnaire filed with the

Savage/Newby evaluation opined a moderate impairment for all but two of the twelve categories; a mild impairment for estimated degree of restriction of daily activities; and a moderately severe impairment in Townsend's ability to perform complex tasks. (Tr. 150). The court notes, however, that the residual functional capacity questionnaire contained the following instructions to the examiner:

> It is essential that your *answers* be *based* on your estimate of the *claimant's* current *psychiatric impairment and not on nonpsychiatric medical factors* . . .

(Tr. 50; emphasis added). Clearly, the residual functional capacity questionnaire of Savage and Newby is not "substantial evidence" to support the Secretary's final decision in this case, because it does not take into consideration plaintiff's physical impairments and his other mental impairments. In his finding No. 4, the ALJ found that Townsend experiences chronic low back strain and mild to moderate chronic anxiety. The court has determined that, based upon these findings considered together with Townsend's I.Q. of 66 as determined by the consultative examiners for the Secretary, Psychologist Savage and his psychological associate, Newby, Townsend has met the burden of proof as required by the Act by establishing that he has an impairment that meets the Secretary's medical listings in Appendix 1 to Subpart P, Administrative Regulations No. 4; specifically, listing 12.05(C), which requires proof as follows:

> 12.05 Mental Retardation, as manifested by
>
> \*    \*    \*    \*    \*    \*
>
> C. I.Q. of 60 to 69 inclusive (see 12.00 B4) and a physical or other mental impairment imposing additional and significant work related limitation of function.

In the light of the findings by the Secretary, and taking into consideration that plaintiff has established I.Q. test scores of 69, 67, and 66, as determined by two sets of psychologists, each of whom used the Wechsler Adult Intelligence Scale testing

to determine plaintiff's I.Q., which is the test the Secretary prefers in her regulations; and further taking into consideration plaintiff's well-documented musculoskeletal impairments and other mental impairments, Townsend manifestly has met his burden of proof as required by the Act; the Secretary's finding that plaintiff is not disabled must fall, because plaintiff has established that he is, indeed, disabled under the Secretary's regulations and the Act.

The court in its determination of the case *sub judice,* construed listing 12.05(C) to require that plaintiff's other physical or mental impairments be significant in imposing additional work-related limitation of function. The Secretary had made such a determination, by logical inference, by finding that Townsend's impairments were of such vocational significance that he, in the ALJ's opinion, could perform only one of four prior relative jobs, and the court finds that there is not "substantial evidence" to support the Secretary's finding that plaintiff could perform that job, i.e., forklift operator. The U.S. District Court for the District of Maryland in *Jones v. Schweiker,* 551 F.Supp. 205 (1982) construed and interpreted the term "significant" as it affects work-related functions and, in reversing the Secretary, determined that the plaintiff therein was disabled and entitled to benefits, and held that:

> ... the ALJ's decision could stand only if there were substantial evidence that these limitations were not *significant.* 20 C.F.R. § 416.920, 416.921 (1982). Unfortunately, the Secretary's regulations

do not define the term "significant." Therefore, the court must give the word it's commonly accepted meanings, among which are, according to *Webster's Dictionary* (2d International Unabridged Ed. 1948), "having a meaning and deserving to be considered." The antonym of "significant" is given in the dictionary as "meaningless." Certainly the plaintiff's physical limitations, as related to basic work activities, are not meaningless; they are "deserving to be considered." *Jones v. Schweiker, supra.*

The Maryland District Court, in *Jones v. Schweiker, supra,* was construing the word "significant" as used by the Secretary in 20 C.F.R. §§ 416.920(c) and 416.921 (1982). This court accepts the Maryland Court's construction and interpretation of the undefined word "significant" in *Jones v. Schweiker, supra,* in its construction of listing 12.05(C), and the court finds and holds that plaintiff, as a matter of fact and of law, has an I.Q. of 60–69 [1] inclusive and a physical [2] or other mental [3] impairment imposing additional and significant work-related limitation of function.

The court is constrained to conclude that the Secretary's final decision is not supported by "substantial evidence." Defendant's motion for summary judgment must be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act, judgment will be entered for plaintiff. The final decision of the Secretary will be reversed and the case remanded for the establishment of proper benefits. An appropriate judgment and order will be entered this day.

**1.** For I.Q. testing results, *see* Tr. 133 and Tr. 147.

**2.** For evidence of significant physical impairment(s), *see* Tr. 101 (low back strain; possible ruptured disc, low back); Tr. 106 (strain of back and possible intervertebral disc protrusion); Tr. 114 (degenerative changes of upper lumbar and lower dorsal spine); Tr. 115 (narrowing of lumbosacral interspace and chronic low back syndrome); Tr. 116 (chronic back sprain); Tr. 122 (chronic lumbosacral sprain). The foregoing is only a part of the evidence establishing the existence of a chronic, painful and, in the court's opinion, "significant" physical impairment of plaintiff's back. The court observes

that no doctor has determined that plaintiff does not have a "significant" impairment of his back; the Secretary and her agents are the only ones expressing such an opinion.

**3.** For evidence of "significant" other mental impairment(s), *see* Tr. 110–111 (compensation neurosis); Tr. 136 (Chronic Anxiety related to back injury and pain, with moderate reactive depression; with guarded prognosis). While Townsend's physical and other mental impairment(s) are not in and of themselves disabling, the court does find them "significant," as defined and construed in *Jones v. Schweiker, supra.*