**Mellie L. DAVIS, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. CIV.A. 97–1043–P–M.

United States District Court,
S.D. Alabama,
Southern Division.

Sept. 8, 1999.

Gilbert B. Laden, Mobile, AL, for plaintiff.

Patricia Nicole Beyer, Assistant U.S. Attorney, Mobile, AL, for defendant.

---

16.  In *Saul,* the Ninth Circuit followed *Kotarski. See, Saul,* 928 F.2d at 840.

## ORDER MODIFYING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

PITTMAN, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues with no objections raised, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), and dated May 27, 1999 (doc. 17), is hereby ADOPTED as MODIFIED as follows: 1) At page 2, ¶ 1, line 3, the transcript record is corrected to read—(Tr. 26–27); and 2) at page 3, ¶ 2, line 3, the transcript record is corrected to read—(Tr. 36).

With these modifications to the Report and Recommendation, it is hereby ORDERED that the decision of the Commissioner be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this court's jurisdiction over this matter.

## REPORT AND RECOMMENDATION

MILLING, United States Magistrate Judge.

In this action under 42 U.S.C. § 1383(c)(3), Davis seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (SSI). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on May 17, 1999. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be reversed, that this action be remanded to the Social Security Administration for further proceedings, and that judgment be entered in favor of

Plaintiff Mellie L. Davis and against Defendant Kenneth S. Apfel.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir.1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D.Md.1982).

Davis was born June 3, 1942. At the time of the administrative hearing, Plaintiff was fifty-three years old, had completed a high school education (Tr. 27), and had previous work experience as a cook (Tr. 28). In claiming benefits, Davis alleges disability due to degenerative disc disease, arthritis, status post carpal tunnel release, and fibromyalgia (Doc. 15).

The Plaintiff protectively filed an application for SSI on August 23, 1994 (Tr. 41–46). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Davis was capable of performing her past work as a cook (Tr. 8–16). Plaintiff requested review of the hearing decision (Tr. 6–7) by the Appeals Council, but it was denied (Tr. 4–5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Davis alleges that: (1) The ALJ did not properly consider the opinions and diagnoses of the various doctors of record; (2) the ALJ did not properly evaluate her pain; and (3) she is incapable of performing her past work (Doc. 12).

Without addressing the other two claims made, the Court will discuss Plaintiff's assertion that she is incapable of performing

her past work as a cook. In reaching his decision, the ALJ rejected the opinion of Plaintiff's treating physician, Dr. James Lawrence, who reached the conclusion that Davis could do, at best, a limited range of sedentary work (Tr. 14; *cf.* Tr. 222–23). The ALJ also rejected Plaintiff's testimony of her limitations and abilities (Tr. 14). In reaching his decision that Plaintiff could still work as a cook, the ALJ appears to have based his conclusions on the opinions of one of the consultative physician and on the testimony of the vocational expert (VE).

Dr. Andre J. Fontana, an orthopedic surgeon, saw Davis on two different occasions a year apart (*see* Tr. 163–64, 215–17). Fontana concluded, after both examinations, that Davis would have difficulty with heavy type work (Tr. 164, 216). The doctor more recently concluded, though, that Plaintiff "would have difficulty with ... repetitive work with her hands" (Tr. 216); he also noted that she had less than full grip strength in both hands (Tr. 215). Fontana completed a physical capacities evaluation in which he found her unable to use her hands for the pushing and pulling of arm controls and fine manipulation (Tr. 217). While the ALJ acknowledged the doctor's finding that she could use both hands for simple grasping and could not use push and pull arm controls, he made no mention of the restriction on fine manipulation and failed to note that Fontana had found that she had decreased grip strength in both hands (Tr. 13).

At the administrative hearing, the ALJ asked the VE about Davis's previous work; the VE said that Plaintiff had worked as a cook, a medium level type of work which was skilled in nature (Tr. 35). The VE further testified that if Plaintiff could do "moderate work," she could probably perform her past work (Tr. 39). The Court notes, however, that the ALJ's hypothetical to the VE in no way addressed the limitations Davis has with her hands (*see* Tr. 34–40). The Court finds that the ALJ's hypothetical to the VE did not ade-

quately reflect Plaintiff's true physical abilities.

Plaintiff's past relevant work was as a cook, a job which most certainly requires repetitive work with her hands. While the Court understands that in her capacity as a cook, Davis may not be called on to use push/pull arm controls, fine manipulation and a certain amount of grip strength in both hands would be required. It seems to the Court that much of her work would be performing the same actions over and over again with her hands. Because the ALJ relied on Dr. Fontana's opinions and conclusions in making his determination, and because Dr. Fontana specifically stated that Plaintiff should not be performing repetitive work with her hands, the Court cannot find that the ALJ's opinion is supported by substantial evidence.

This is a very narrow finding by the Court and the Court makes no attempt in this report to reach any conclusions regarding Plaintiff's other claims. However, the Court cannot say, based on the evidence of record, that the ALJ properly considered the full extent of Davis's hand limitations in reaching his decision; those limitations are not reflected in any hypothetical to the VE who testified. As this would seem to be a key component to her work as a cook, the Court cannot find the necessary support to affirm the Commissioner's decision.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of vocational evidence as to Plaintiff's ability to perform her past work when her medically-identified limitations are considered.

Furthermore, it is recommended that a final judgment be entered ordering re-

mand in this action pursuant to sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection.** Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a differ-

ent disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

May 27th, 1999.