**Helen HUFF, Plaintiff,**

v.

**William A. HALTER,[1] Acting Commissioner of Social Security, Defendant.**

**No. Civ.A. 00–0665–CB–M.**

United States District Court, S.D. Alabama, Southern Division.

April 2, 2001.

Byron A. Lassiter, Booker & Lassiter, P.C., Mobile, AL, for plaintiff.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for defendant.

## *ORDER*

BUTLER, Chief Judge.

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Recom-

---

1. William A. Halter became Acting Commissioner of Social Security on January 20, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, William A. Halter should be substituted, therefore, for Commissioner Kenneth S. Apfel as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

mendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is ORDERED that the decision of the Commissioner be AFFIRMED and that this action be DISMISSED.

## REPORT AND RECOMMENDATION

MILLING, United States Magistrate Judge.

In this action under 42 U.S.C. 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S .C. § 636(b)(1)(B). Oral argument was heard on March 19, 2001. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant William A. Halter and against Plaintiff Helen Huff on all claims.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir.1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D.Md.1982).

Plaintiff was born April 1, 1951. At the time of the administrative hearing, Huff was forty-seven years old, had completed an eleventh-grade education (Tr. 93–94), and had previous work experience as a sitter for the elderly (Tr. 83). In claiming benefits, Plaintiff alleges disability due to seizure disorder, systemic hypertension, alcoholic cardiomyopathy, and chronic degenerative arthritis (Tr. 20).

The Plaintiff protectively filed an application for SSI on September 8, 1994 (Tr. 105–08). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not return to her past relevant work, she was capable of performing specific sedentary jobs (Tr. 13–24). Plaintiff requested review of the hearing decision (Tr. 12) by the Appeals Council, but it was denied (Tr. 5–7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Huff alleges that: (1) The ALJ did not properly consider the opinion and conclusions by her treating physician; (2) the ALJ posed an incomplete hypothetical to the vocational expert (hereinafter *VE*); and (3) she is unable to perform the jobs which the ALJ said she was capable of performing (Doc. 11).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physician. It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir.1981);[2] *see also* 20 C.F.R. § 404.1527 (2000).

---

**2.** The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

In making this claim, Huff references the opinions of Dr. Nohammed Nayeem with regard to her pain (Doc. 11, pp. 5–11). Even more specifically, Plaintiff challenges the ALJ's use of Nayeem's pain evaluation from September 11, 1996 rather than the one more recently submitted (*cf.* Tr. 270–71, 353).[3] On the 1996 form, the treating physician indicated that Huff did not have "any significant degree" of pain, that physical activity would increase her pain some "but not to such an extent as to prevent adequate functioning," and that her pain medications might limit her to some degree but would not cause serious problems (Tr. 270–71). On the more recent form, completed nearly two years later, Nayeem stated that Plaintiff's pain would keep her from adequately performing work activities; he indicated no change in the effect her medications would have on her performance (Tr. 353). The Court notes that the new form does not allow the physician to evaluate the relationship between physical activity and pain. *Id.*

The Court notes Huff received very little medical treatment between September 11, 1996 and August 11, 1998. Plaintiff was admitted to Vaughn Regional Medical Center for two days on October 9, 1997 for an "acute onset seizure disorder due to lack of compliance with medication;" secondary diagnoses referenced heart and alcohol problems (Tr. 329; *see generally* Tr. 324–40). Plaintiff was also seen at Vaughn Thomas Medical Center during 1997–98 and though she complained of pain, there was no confirmation of it by the physicians (Tr. 346–51).

The Court finds that the medical evidence does not support increased pain as indicated by Nayeem and asserted by Huff. The two physical capacity evaluations completed by the treating physician

on the same dates as the pain evaluations show no significant difference in ability (*cf.* Tr. 269; 356). Defendant argues, and frankly the Court agrees, that the more recent physical capacities evaluation actually demonstrates that Plaintiff had more ability than she did two years earlier, for the most part (Doc. 12, pp. 5–6).

Huff asserts that "it is not unreasonable to assume that Ms. Huff's pain increased during that time span" of two years (Doc. 11, p. 10). The Court notes that while the assumption may not be unreasonable, the objective medical evidence does not support it. Furthermore, the Court completely fails to understand what difference Huff's changing her alleged onset date makes with regard to the relationship between Dr. Nayeem's opinions and the objective medical evidence (*see* Doc. 11, p. 10). While the Court agrees that the ALJ's observations of Plaintiff at the hearing do not provide support for his opinion (Doc. 11, p. 11), the lack of medical evidence does. In short, Plaintiff has not demonstrated that her pain increased to the degree indicated by Dr. Nayeem's reports. This claim is of no merit.

Huff next claims that the ALJ posed an incomplete hypothetical to the VE (Doc. 11, pp. 11–12). Because Plaintiff's argument relies on arguments made in the first claim, the Court will not discuss this second claim, finding that it, too, lacks merit.

██ Huff next claims that she is unable to perform the jobs which the ALJ said she was capable of performing (Doc. 11, pp. 12–14). Plaintiff specifically argues that the VE identified certain jobs as being within her abilities though, according to the *Dictionary of Occupational Titles*

---

**3.** The more recent form is undated, though Huff asserts that it dates from August 11, 1998 (Doc. 11, p. 7); the ALJ concurs with that conclusion (Tr. 21). The Court notes that that date post-dates the most recent hearing by four days (*see* Tr. 79).

*(DOT)*, those jobs require abilities and skills which she does not possess.

The Eleventh Circuit Court of Appeals has specifically held "that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." *Jones v. Apfel*, 190 F.3d 1224, 1229–30 (11th Cir.1999), *cert. denied*, 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000). In reaching this decision, the *Jones* Court noted that the DOT states that it is not a comprehensive source of information and that it should be supplemented with local job information. *Id.*

This Court has also examined the DOT and notes that, contrary to Plaintiff's argument, two of the three jobs identified by the VE are unskilled positions. *See Dictionary of Occupational Titles* xiii (4th ed.1991) at 739.687–182 (table worker or spotter; sedentary; unskilled) and 713.687–018 (final assembler (optical goods); sedentary; unskilled). While one of the three suggested positions was considered to be semi-skilled work, *see DOT* at 713.687–022 (inspector (optical goods); sedentary), the VE clearly identified at least two jobs which exist in significant numbers in the national economy. Huff's claim is of no merit.

Plaintiff has raised thee different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Magistrate Judge finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401, 91 S.Ct. 1420. Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir.1980), that this action be dismissed, and that judgment be entered in favor of Defendant Kenneth S. Apfel and against Plaintiff Helen Huff on all claims.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. ***Objection.*** Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the

objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable where proceedings tape recorded).* Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

March 19, 2001.