Grace M. IRBY, o/b/o Samuel M. Irby, Plaintiff,

v.

William A. HALTER,[1] Acting Commissioner of Social Security, Defendant.

No. Civ.A. 00–0580–AH–M.

United States District Court, S.D. Alabama, Southern Division.

April 9, 2001.

---

1. William A. Halter became Acting Commissioner of Social Security on January 20, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, William A. Halter should be substituted, therefore, for Commissioner Kenneth S. Apfel as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Byron A. Lassiter, Booker & Lassiter, P.C., Mobile, AL, for Plaintiff.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for Defendant.

### ORDER

HOWARD, Senior District Judge.

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is ORDERED that the decision of the Commissioner be AFFIRMED and that this action be DISMISSED.

### REPORT AND RECOMMENDATION

MILLING, United States Magistrate Judge.

In this action under 42 U.S.C. § 405(g), Plaintiff[2] seeks judicial review of an adverse social security ruling which denied a

---

2. Plaintiff, Samuel L. Irby, is deceased for reasons unrelated to his impairments (*see* Tr. 15). Plaintiff's wife, Grace M. Irby, has been substituted for purposes of prosecuting this action. The Court will, however, refer to the Deceased as Plaintiff throughout this report and recommendation.

claim for disability insurance benefits. The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on March 19, 2001. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant William A. Halter and against Plaintiff Grace M. Irby, on behalf of Samuel L. Irby, on all claims.

■■■ This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir.1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D.Md.1982).

Plaintiff was born October 24, 1945. At the time of his death, Irby was fifty-two years old, had completed a high school education (*see* Tr. 17, ¶ 8), and had previous work experience as a shipper (*see* Tr. 16). In claiming benefits, Plaintiff alleges disability due to substance abuse, heart problems, hypertension, depression, and osteoarthritis of the right knee (Doc. 9, pp. 1–2).

The Plaintiff filed an application for disability insurance benefits on February 6, 1997 (Tr. 81–83). Benefits were denied by an Administrative Law Judge (ALJ) who determined that Irby met the require-

ments of Listing 12.09, Substance Addiction Disorders; the ALJ noted, though, that Plaintiff could not be awarded disability benefits based on that classification and further found that although he could not return to his past relevant work, Irby was capable of performing a full range of light work (Tr. 10–21). Plaintiff requested review of the hearing decision (Tr. 9) by the Appeals Council, but it was denied (Tr. 6–7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Irby alleges that: (1) The ALJ committed error in failing to find that Plaintiff's arthritic right knee was a severe impairment; (2) the ALJ improperly determined that he was capable of performing light work; (3) he is disabled under Medical Vocational Guideline Rules 201.12 or 201.14 (Doc. 9).

■■■ Plaintiff first claims that the ALJ committed error in failing to find that his arthritic right knee was a severe impairment. In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir.1985); *cf.* 20 C.F.R. § 404.1521(a) (2000).[3] The eleventh circuit has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v.*

---

3. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

*Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986).

The evidence demonstrates that Irby went to the Veterans Administration Medical Center as an outpatient on March 31, 1997 and told a physical therapist that he had had surgery on his right knee in the past, that the pain had increased, and that his mobility had decreased (Tr. 253). Plaintiff further stated that his knee gave away while walking and standing and that stepping off a curb, walking more than one hundred yards, or standing for more than five minutes aggravated the pain. *Id.* Performing no tests, the physical therapist noted that Irby experienced pain when squatting, toe walking, and climbing stairs; she noted swelling in the knee. *Id.* The therapist recommended that Plaintiff be taught to decrease the pain (Tr. 254). An x-ray taken eight days later revealed hypertrophic changes suggesting osteoarthritis (Tr. 320). Thirteen months later, Dr. Claude L. Brown, who was performing a consultative psychiatric examination, noted that Irby had "a very minimal limp on his left leg" before making the statement that he was "obviously incapable of anything other than mild physical activities" (Tr. 285–86).

The ALJ noted that Plaintiff was diagnosed to have osteoarthritis of the right knee; he did not specifically address the severity of the impairment (Tr. 15). The Court finds, nevertheless, that Irby has not demonstrated that his knee problem constituted a severe impairment. First, there is little evidence concerning his knee and most of what exists comes from Plaintiff himself—not from a physician. Though Plaintiff references an attending physician at the VA, the record demonstrates that Irby was seen by a physical therapist—not a doctor (*see* Tr. 253–54; *cf.* Doc. 9, p. 7). The record demonstrates neither a record of treatment for the knee nor that any restrictions have been placed on Irby because of the impairment. The only doctor's reference to Plaintiff's limitations comes from a consultative psychiatrist who was not examining his knee; Dr. Brown's statement that Irby was incapable of performing more than "mild physical activities" is unsupported by the objective medical evidence. The ALJ correctly states that "[n]o treating physician placed any restrictions on the claimant's physical activities" (Tr. 15). While Plaintiff has had occasions where his right knee was swollen and it caused him pain, he has not demonstrated a sustained impairment that would affect his ability to work. This claim is of no merit.

■ Plaintiff next claims that the ALJ improperly determined that he was capable of performing light work. Light work has been defined as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2000).

Plaintiff cites no objective medical evidence to support this claim. Irby candidly admits that the "only examining physician of record to offer an opinion regarding Mr. Irby's physical capabilities was Dr. Brown" (Doc. 9, p. 9). The Court notes that Brown's examination included no physical

tests; it was a psychiatric examination (*see* Tr. 285–96). Plaintiff has failed to demonstrate that the ALJ's determination that he is capable of performing a full range of light work is error.[4]

Irby's final claim is that he is disabled under Medical Vocational Guideline Rules 201.12 or 201.14. The Court notes that these Rules fall under the sedentary work classification. As the Court has already found that Plaintiff's claim that he cannot perform light work is without merit, there is no need to address this claim. It, too, lacks merit.

Plaintiff has raised three different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Magistrate Judge finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales,* 402 U.S. at 401, 91 S.Ct. 1420. Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris,* 612 F.2d 947, 950 (5th Cir.1980), that this action be dismissed, and that judgment be entered in favor of Defendant William A. Halter and against Plaintiff Grace M. Irby, on behalf of Samuel L. Irby, on all claims.

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. **Objection.** Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

4. Plaintiff's attorney argued at the hearing that, because Irby was incapable of performing a full range of light work, the ALJ improperly relied on the grids and should have called a vocational expert (*VE*) to testify. Because the Court finds no merit to Irby's claim that he cannot perform light work, the Court will not further discuss the need for a VE.

2. *Transcript (applicable where proceedings tape recorded).* Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

March 19, 2001.